UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM S. SHAW,

    Plaintiff,

v.                                                       Case No.: 2:22-cv-49-SPC-NPM

KATHERINE K. STRANGE and
CINDY S. TORRES,

    Defendants.

                                               /

**ORDER**[1]

Before the Court is pro se Plaintiff William Shaw's Motion to Amend and Remand (Doc. 13) and Defendants Katherine Strange and Cindy Torres' Motion to Dismiss (Doc. 9). The Court liberally construes Shaw's filings. *See, e.g.*, *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (Because "*pro se* pleadings are liberally construed," district "courts should look beyond the label of the pleadings to determine whether they are properly characterized."). There is no need to await responses to the respective Motions.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Defendants moved to dismiss. Three days later, Shaw responded by moving to amend as a matter of course. But such permission is unnecessary, and his amendment is effective. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)."). Because Shaw seeks unneeded leave to amend, the Court denies his Motion in part as moot. But since the amendment is valid, the attached amended complaint will be filed as the operative pleading. Given the amendment, Defendants' Motion to Dismiss is denied as moot. *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

With that decided, the issue becomes whether to remand. *See Miller v. City of Fort Myers*, 424 F. Supp. 3d 1136, 1152-53 (M.D. Fla. 2020).

After removal, Shaw amended to omit all federal claims and any causes of action against Torres. He was free to do so. *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("There are multiple ways to dismiss a single claim without dismissing an entire action. The easiest and most obvious is to seek and obtain leave to amend the complaint to eliminate the remaining claim, pursuant to Rule 15.").[2] To be sure, this amendment did not necessarily divest the Court of subject-matter jurisdiction. *Behlen v. Merrill Lynch*, 311

---

[2] *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106-07 (11th Cir. 2004); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (4th ed. 2021 update) (The "plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15.").

F.3d 1087, 1095 (11th Cir. 2002). Yet when (as here) all federal claims in a removed case are dismissed pretrial, a district court may remand. 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The Eleventh Circuit "strongly encourages" district courts to decline supplemental jurisdiction, particularly when the federal claims are dismissed early. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). Typically, courts also consider "concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005).

After review, the Court employs its discretion and declines to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). If the Court must consider the so-called *Gibbs*[3] factors, they do not weigh in Strange's favor. *See Sutherland v. Global Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (holding a district court need not even consider those factors when discharging under § 1367(c)(3)).

First, judicial economy weighs against exercising supplemental jurisdiction. Judicial economy is "served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).

---

[3] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

Second, convenience points to retaining jurisdiction—but just barely. The Eleventh noted, "as far as the parties are concerned, it would be most convenient to try every claim in a single forum." *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 803 F.3d 518, 539 (11th Cir. 2015).

Third, fairness considerations do not favor jurisdiction here. Each "litigant who brings supplemental claims in [federal] court knowingly risks the dismissal of those claims." *Id.* On the flip side, every removing defendant risks remand when federal claims get dismissed. What's more, this case is in its infancy. Shaw sued in state court less than a month ago. And Defendants removed just two weeks ago. In short, little to nothing happened here to warrant keeping it. *See Rodriguez v. Page Mech. Grp. Inc.*, No. 2:20-cv-926-SPC-NPM, 2021 WL 1741018, at *1-2 (M.D. Fla. Mar. 10, 2021).

And fourth, comity cuts against exercising supplemental jurisdiction. "It is a bedrock principle that 'needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Ameritox*, 803 F.3d at 539 (quoting *Gibbs*, 383 U.S. at 726).

At bottom, the above weighs against exercising supplemental jurisdiction. So the Court declines it and remands. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001).

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Amend Complaint as a Matter of Course Under Florida Rule 1.190(a) (Doc. 13) is **GRANTED and DENIED in part**.

1. Plaintiff's request to amend is **DENIED as moot**.

    a. The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint (Doc. 13 at 2-4) as a separate docket entry.

    b. Defendants' Motion to Dismiss (Doc. 9) is **DENIED as moot**.

2. Plaintiff's request to remand is **GRANTED**.

    a. The Court **DECLINES** to exercise supplemental jurisdiction.

    b. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

    c. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

    d. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 7, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record